**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

STATE FARM FIRE AND CASUALTY,                                                          PLAINTIFF
as Subrogee of Michael Crockett and Holly Crockett

v.                                            No. 4:16CV00387 JLH

OMEGA FLEX, INC.                                                                          DEFENDANT

## OPINION AND ORDER

This is a subrogation action brought by State Farm Fire and Casualty as subrogee of Michael

and Holly Crockett against Omega Flex, Inc. The Crocketts' home suffered fire damage following

a lightning strike on May 9, 2015. State Farm insured the home and paid the claim. It now seeks

subrogation against Omega Flex. Omega Flex manufactured yellow-jacketed TracPipe brand

Corrugated Stainless Steel Tubing ("CSST"), which was installed in the Crocketts' home. The

complaint alleges that Omega Flex negligently designed, prepared, manufactured and sold the CSST

product, that the product was unreasonably dangerous, and that the defects in the product

proximately caused the fire at the Crocketts' home.

Four discovery motions are now pending before the Court. Omega Flex has moved to

compel responses to six of forty-seven requests for production of documents served on

September 20, 2016. State Farm has moved to compel responses to twenty-eight of fifty-nine

discovery requests. State Farm has also moved to compel Omega Flex to make seven of its officers

or employees available for deposition. In response to State Farm's motions, Omega Flex has filed

a cross motion for a protective order.

## I.  OMEGA FLEX'S MOTION TO COMPEL

Omega Flex first seeks to compel production of a complete copy of the claims file for the loss reported by the Crocketts (Request for Production No. 22), with the exception of attorney/client communications.  State Farm has responded by stating that it has produced a complete copy of the claims file up to the date that it hired counsel in anticipation of litigation.  According to State Farm, other than attorney/client communications, the only documents withheld from production were its computerized log notes entered after the date counsel was hired.  Those log notes appear to be work product.  Although Omega Flex complained that State Farm did not produce a privilege log, State Farm says that it has now provided one.  The motion to compel a further response to Request for Production No. 22 is denied.

Omega Flex also seeks to compel production of documents prepared for underwriting the insurance on the Crocketts' property; State Farm's policies and procedures for investigating and adjusting residential losses in Arkansas where rigid gas piping was installed; documents identifying how State Farm charged residential insureds in Arkansas for the presence of CSST; the claim files for losses for State Farm's residential insureds in Arkansas between May 9, 2012, and May 9, 2015, that were identified as lightning losses; and the residential claim files for losses incurred by State Farm's insureds during that same period of time that were identified as fire losses (Request Nos. 33, 35, 36, 38 and 39).

State Farm's underwriting file, its policies and procedures for investigating and adjusting residential losses relating to gas piping, and the manner in which it charged residential insureds for the presence of CSST are not relevant to any claim or defense in this action.  As State Farm notes, it stands in the shoes of the Crocketts and asserts their claim.  *Prov. Life and Acc. Ins. Co. v.*

*Williams*, 858 F. Supp. 907, 911 (W.D. Ark. 1994); *Welch Foods, Inc. v. Chicago Title Ins. Co.*, 341 Ark. 515, 519, 17 S.W.3d 467, 470 (2000). Relevancy of any discovery and any evidence, therefore, should be determined on the basis that the claim asserted by State Farm is the Crocketts' claim.

With respect to the request for State Farm's claims files for lightning and fire losses in Arkansas, while there may a small amount of relevant information in some of those files, the production of all of those files is not proportionate to the needs of the case. Whether the CSST product in question proximately caused the fire at the Crocketts' home is a fairly narrow issue compared to the scope of possible fire and lightning claims that State Farm may have received over a three-year period in Arkansas. Those claims are likely to include electrical fires, arson, lightning strikes that have nothing to do with gas pipes, gas fires that have nothing to do with lightning and fires resulting from an assortment of other causes, as well as lightning claims that have nothing to do with the issues here. Particularly in light of the fact that State Farm is pursuing a claim that belongs to the Crocketts, such broad discovery into State Farm's claims files is unwarranted by the needs of the case. Omega Flex's motion to compel is denied.

## II.     STATE FARM'S MOTION TO COMPEL

State Farm, as noted, seeks to compel further discovery responses for twenty-eight requests for production. The first category of requests relates to testing performed on CSST to determine the effects of the electrical current from direct or indirect lightning strikes (RFP Nos. 1, 14, 20, 42, 53 and 55). Omega Flex says that it has produced all responsive documents in its possession. State Farm believes that this response is not credible, but no evidence shows that Omega Flex has falsely reported that it has produced all responsive documents. The motion to compel is denied as to RFP Nos. 1, 14, 20, 42, 53 and 55.

The next category of information relates to whether the electrical current from direct or indirect lightning strikes causes CSST to fail and cause fires (RFP Nos. 2, 13 and 21). Again, Omega Flex says that it has produced all responsive documents, but State Farm doubts that Omega Flex is telling the truth. The motion to compel is denied as to RFP Nos. 2, 13 and 21.

The third category of information that State Farm seeks to compel relates to reports, studies or documents exchanged between Omega Flex and third party organizations pertaining to the use, risks and benefits of CSST (RFP Nos. 4, 11, 12 and 24). Again, Omega Flex says that it has produced all responsive documents, but State Farm does not believe that Omega Flex is telling the truth. The motion to compel is denied as to RFP Nos. 4, 11, 12 and 24.

The fourth category relates to reports, studies or documents exchanged between Omega Flex and governmental or regulatory agencies that approve standards for the use and installation of CSST and the connection between CSST, lightning strikes and fires (RFP Nos. 5, 8, 18, 19 and 25). Again, Omega Flex says that it has produced all responsive documents but State Farm doubts that Omega Flex is telling the truth. The motion to compel is denied with respect to RFP Nos. 5, 8, 18, 19 and 25.

The fifth category relates to design changes to CSST to address lightning strike protection (RFP Nos. 15 and 17). As with the previous requests, Omega Flex says that it has produced all responsive documents but State Farm disagrees. In this instance, however, the disagreement is not simply one of credibility. State Farm provided a set of definitions with its discovery requests. Included in those definitions was a definition of "CSST" as TracPipe brand yellow-jacketed Corrugated Stainless Steel Tubing. Request Nos. 15 and 17 related to modifications of CSST that were done in whole or in part to address lightning strike protection or for the prevention of lightning

induced gas line failure or fires.  Omega Flex says that it has produced all documents pertaining to those discovery requests as CSST was defined by State Farm in its discovery requests.  State Farm wants additional information related to Omega Flex's CounterStrike brand black-jacketed CSST but, as Omega Flex notes, CounterStrike is nowhere mentioned in the requests.  The motion to compel is denied as to RFP Nos. 15 and 17.

The sixth category relates to return material authorizations and investigations by Omega Flex related to allegations of fires caused by lightning induced CSST failure (RFP Nos. 27, 33 and 34). Omega Flex says in its brief that additional documents were produced in response to a demand letter, asserts that it has "quite telling" that Omega Flex only produced these documents when faced with the fact that State Farm was aware of them, and then says, "[i]t begs the question, what additional responsive documentation is in the possession of Defendant that Defendant is simply refusing to produce to Plaintiff in this matter."  Omega Flex says that there are no responsive documents that it has withheld.  The motion to compel is denied as to RFP Nos. 27, 33 and 34.

The seventh category relates to documents exchanged with Dr. James Dickens, Dr. Jahan Rasty, or Real World Engineering (RFP No. 54).  Omega Flex retained Dickens and Rasty with Real World Engineering to provide testimony at a public hearing in Lubbock, Texas, in 2016 related to a death caused by the lightning failure of yellow-jacketed CSST manufactured by a competitor. Omega Flex produced the engineering report but not correspondence or email communications between Omega Flex and Dickens.  According to Omega Flex, Dickens, Rasty and Real World Engineering have performed no testing or engineering or technical review of the product at issue in this matter.  Even so, Omega Flex provided the engineering report and an affidavit by Dr. Dickens.

The remaining documents do not appear relevant to the issues in this case.  The motion to compel is denied as to RFP No. 54.

The eighth category relates to correspondence, emails and other documents that Omega Flex exchanged with certain entities relating to the testing of the product (RFP Nos. 56, 57, 58 and 59.  Omega Flex says that it has produced all responsive documents.  The motion to compel is denied as to RFP Nos. 56, 57, 58 and 59.

Finally, State Farm seeks to compel production of Omega Flex's insurance policy.  Omega Flex says that it inadvertently failed to include a portion of the insurance policy but will supplement its production.  The motion to compel production of the insurance policy is therefore denied as moot.

## III.    STATE FARM'S MOTION TO COMPEL WITNESS DEPOSITIONS

State Farm has moved to compel Omega Flex to make available the depositions of Mark Albino, Robert Torbin, Brad Burns, William Rich, John Stubblefield, Steve Treichel, and Arthur Weirauch.  According to Omega Flex, Albino is the Executive Vice President and Chief Operating Officer; Treichel is the Senior Vice President of Development; Torbin is the Director of Codes and Standards; Weirauch is the Manager of Training and Applications Engineering; Burns is retired from the position of Director of Marketing; Rich is the former Director of Codes and Standards; and Stubblefield is a former Sales Coordinator.  Omega Flex contends that at least some of these proposed depositions would be duplicative of depositions taken by State Farm of Omega Flex representatives in prior litigation regarding the same product.  Omega Flex has provided a list of prior cases and identified specific dates on which Albino, Carpenter, Treichel, Torbin, Weirauch, as well as three other Omega Flex representatives, have been deposed.  Some of these individuals have been deposed more than once.  Omega Flex also says that the Court should enter a protective

order prohibiting the depositions of Albino and Treichel because they are high-ranking employees with no unique knowledge of the issues in this action.

State Farm does not dispute Omega Flex's statements regarding prior depositions of its representatives.  Instead, it simply says that although State Farm has deposed those individuals in prior litigation, it has the right to depose them again in this case.

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery of any nonprivileged, relevant matter, that is proportional to the needs of the case, considering the importance of the issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  In view of the numerous times in the past that State Farm has deposed Omega Flex's representatives regarding the product at issue in this case, the burden or expense of deposing seven high-ranking corporate officers or employees is disproportionate to the needs of the case.  The motion to compel is therefore denied.

Omega Flex has filed a cross motion for protective order.  Much of the cross motion is moot in light of the rulings above.  The motion for protective order is granted, however, with respect to Omega Flex's request that State Farm be enjoined from deposing Mark Albino, Executive Vice President and Chief Operating Officers, and Steve Treichel, Senior Vice President of Development.

Omega Flex argues that State Farm should be required to take Rule 30(b)(6) depositions of corporate representatives before seeking to obtain information from corporate officers who are likely to have less relevant information than someone designated to testify regarding relevant topics. Rule 26 grants the Court authority to regulate the timing and sequence of discovery, as well as its

frequency and extent.   Fed. R. Civ. P. 26(b)(2) and (d)(1).   Omega Flex correctly argues that the most efficient way for discovery to proceed in this case is for State Farm to issue one or more 30(b)(6) notices of deposition identifying the topics on which it seeks information from Omega Flex so that Omega Flex can identify corporate representatives with authority to speak on behalf of the corporation.   After the conclusion of that deposition or those depositions, if State Farm has a legitimate need for further depositions of one or more of the individuals identified in its motion to compel, other than Albino or Treichel, it may then seek to depose them in the normal course according to the Federal Rules of Civil Procedure.

## CONCLUSION

Omega Flex's motion to compel is DENIED.   Document #17.   State Farm's motion to compel defendant's responses to written discovery is DENIED.   Document #20.   State Farm's motion to compel witness depositions is DENIED.   Document #22.   Omega Flex's cross motion for protective order is GRANTED IN PART and DENIED IN PART.   Both parties have requested an award of attorneys' fees.   Those requests are denied.

IT IS SO ORDERED this 3rd day of February, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE