IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY § <br> AS SUBROGEE OF § <br> MICHAEL AND HOLLY CROCKETT, § <br>       Plaintiff, § <br> § <br> vs. § <br> § <br> OMEGA FLEX, INC § <br>       Defendant. § | Civil Action No. 4:16-c v-00387-JLH <br> Jury Requested |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, **STATE FARM FIRE AND CASUALTY AS SUBROGEE OF MICHAEL AND HOLLY CROCKETT**, by and through counsel, and for its First Amended Complaint against Defendant, **OMEGA FLEX, INC.**, hereinafter referred to as "Defendant OMEGA FLEX" and for cause of action would respectfully show the Court as follows:

### I.   PARTIES, VENUE AND JURISDICTION

1. Plaintiff, State Farm Fire and Casualty, is a foreign corporation who suffered tortuous injury due to the acts and/or omissions on the part of Defendant Omega Flex in Pulaski County, Arkansas. Plaintiff insured Michael and Holly Crockett against loss under a contract of insurance and paid such covered losses pursuant to said contract thereby becoming both contractually and equitably subrogated to the Crocketts' claims as against Defendant Omega Flex.

2. Defendant, Omega Flex, Inc., is a foreign corporation existing under the laws of the State of Pennsylvania. Defendant OMEGA FLEX, at all relevant times, has engaged in business in the State of Arkansas, as more particularly described below. Defendant OMEGA FLEX does not maintain a place of business in Arkansas and has no designated agent on whom service of citation

may be made in this case. The causes of action arose from and are connected with purposeful acts committed by Defendant OMEGA FLEX in Arkansas because Defendant OMEGA FLEX advertised, sold and delivered the Corrugated Stainless Steel Tubing ("CSST") that is the subject of this litigation to distributors and entities in the State of Arkansas. Defendant OMEGA FLEX has made an appearance in this matter, and is being served with a copy of this First Amended Complaint and Jury Demand by and through its attorneys of record: James D. Robertson, BARBER LAW FIRM PLLC, 3400 Simmons Tower, 425 West Capitol Avenue, Little Rock, AR 72201-3414 and Erin W. Grewe, Campbell Campbell Edwards & Conroy, P.C., 1205 Westlakes Drive, Ste. 330, Berwyn, PA 19312.

3. The "Property" at which the damage complained of herein occurred is located at: 12 Sellette Court, Little Rock, Pulaski County, Arkansas 72223.

4. Venue of this suit is proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in this district.

5. The Court has jurisdiction over this lawsuit under 28 U.S.C. 1332(a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## II. BACKGROUND FACTS

6. Plaintiff incorporates paragraphs numbered 1-5 as if set forth fully herein.

7. At all times relevant hereto, Michael and Holly Crockett were the owners of the real and personal property located at 12 Sellette Court, Little Rock, Pulaski County, Arkansas 72223 (the "Property"). At all times relevant to this lawsuit, specifically at the time of the fire, Defendant OMEGA FLEX was the manufacturer of the CSST that was installed in the Property.

8. On or about May 9, 2015, a fire erupted at the Property in question. Michael and Holly Crockett were both home at the time of the fire. Before the discovery of the fire, there was a lightning storm in the area and the Crocketts heard a loud "boom" near their home. The cable TV service for the residence was knocked out, so they decided to go upstairs to watch a movie in the master bedroom. Approximately 30 minutes after they went upstairs, they heard one of the smoke alarms go off. When Mr. Crockett went downstairs to investigate, he found smoke in the office in the area above the fireplace, which was not in use. The Crocketts then evacuated their home and Mr. Crockett used their neighbor's phone to call 9-1-1. The Little Rock Fire Department responded to the 9-1-1 call and extinguished the flames. However, as a result of the fire, the structure and the personal property contents of the Property were damaged extensively.

9. Shortly after the fire, a fire investigator was retained by Plaintiff to determine the area of origin and cause of the fire at the Property. After conducting a thorough investigation, the investigator determined that the fire originated in the office area on the first floor, specifically on the right hand side of the fireplace, beneath the floor. Beneath the office floor, in the area of fire origin, was installed a run of Corrugated Stainless Steel Tubing ("CSST"). Closer examination of the CSST in the area of fire origin revealed the presence of a hole. The hole was caused by a lightning strike at or near the Property which resulted in a high voltage imposition on the CSST piping. The high voltage from the lightning arced to the adjacent metallic HVAC duct in the area, resulting in a small hole in the CSST. The fire in question was caused when the gas escaping from the hole in the CSST was ignited by the arcing event, resulting in the fire.

10. The CSST which was installed in the Property has been identified as yellow jacketed TracPipe brand CSST which was designed, manufactured and/or marketed by Defendant OMEGA FLEX.

11.     As a direct, proximate and producing result of the failure of the OMEGA FLEX TracPipe brand CSST installed in the Property in question, Michael and Holly Crockett suffered damages to their real and personal property, and were forced to incur additional living expenses as a result of being displaced from their home due to the fire.   Pursuant to a homeowner's insurance policy in effect for the date of loss, State Farm Fire and Casualty Company compensated Michael and Holly Crockett for the covered damages they incurred as a result of the fire in question, and now brings this suit to recover its subrogation interests from Defendant OMEGA FLEX.

### III.     CAUSES OF ACTION AGAINST DEFENDANT OMEGA FLEX

### Count One –Negligence

12.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

13.     Plaintiff would show that on the occasion in question, Defendant OMEGA FLEX owed a duty to exercise due and ordinary care in its design, preparation, manufacture, and sale of its CSST product. The CSST product in question was defective and unsafe for its intended purposes at the time it left the control of Defendant OMEGA FLEX and at the time it was installed in the Property in question. The CSST product was defective in that it failed to conform to the product design and specifications of other similar products. But for such occurrence, the probability that Defendant OMEGA FLEX's product would fail would have been lessened. Defendant OMEGA FLEX breached this duty and, as a direct and proximate result of its negligence, caused Plaintiff to suffer damages.

14.     The negligent acts and/or omissions on the part of Defendant OMEGA FLEX also include, but are not limited to, the following:

   a.     Supplying the defective CSST product which Defendant OMEGA FLEX knew, or should have known, subjected real and personal property to an unreasonable risk of damage and, specifically, fire;

b. Supplying the CSST product to distributors, suppliers, and installers with the knowledge that the CSST product was prone to failure and/or damage when exposed to lightning, was defective, and unreasonably dangerous to persons and property;

c. Failing to warn the public, including Michael or Holly Crockett, of the defective condition of the CSST product, which it knew created an unreasonable risk of harm to real and personal property, and/or failed to warn the public and Plaintiff that the CSST product was prone to fail when subjected to the electrical charge emitted from a lightning strike;

d. Failing to design, redesign, or engineer the CSST product properly and correctly;

e. Failing to design, construct, fabricate, inspect and/or test the CSST product in conformity with the prevailing industry and national standards, including, but not limited to, lightning strike testing;

f. Failing to design the outer jacket of the CSST product to efficiently dissipate the electrical charge produced by a direct or indirect lightning strike;

g. Failing to institute a safer alternative design for the CSST product;

h. Failing to test the CSST product to ensure its integrity to withstand the electrical charge emitted from a lightning strike;

i. Failing to warn consumers, including Michael and/or Holly Crockett, and intermediaries that the failure of its CSST product can cause fires;

j. Otherwise, failing to use due care in designing and marketing the CSST product.

15. Each of the above-referenced acts and omissions, either singularly and/or in combination with others, constitutes negligence, which proximately caused damage to Plaintiff in an amount in excess of the minimum jurisdictional limits of this court.

### Count Two – Strict Liability

16. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

17. Prior to the date of the fire in question, Defendant OMEGA FLEX manufactured, assembled, inspected, tested, sold and/or distributed the CSST product in question and introduced

it into the stream of commerce, in a manner so as to render it defective, unsafe, and/or unreasonably dangerous. The CSST product was defective and unsafe for its intended purposes at the time it left the control of Defendant OMEGA FLEX, and at the time it was installed in the Property in question. Defendant OMEGA FLEX knew that its CSST product was defective and that it presented the probability of harm to any foreseeable users unless it was free from defects. Therefore, Defendant OMEGA FLEX had a duty to foreseeable users, and to Michael and/or Holly Crockett in particular, to inspect the CSST product in question to determine whether it would be reasonably fit for its intended purposes and warn or give fair and adequate notice of the inherently dangerous condition which existed as a result of the improper design and/or manufacture of the product.

18. There was a design defect in the CSST product in question at the time it left the possession of Defendant OMEGA FLEX that was a producing cause of the occurrence in question and damages set forth herein. The design defect rendered the CSST product in question unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. A safer alternative design existed that would have prevented or significantly reduced the risk of the occurrence in question without substantially impairing the product's utility and was economically and technically feasible at the time the product left the control of Defendant OMEGA FLEX by the application of existing or reasonably achievable scientific knowledge.

19. Defendant OMEGA FLEX could have implemented a safer alternative design including, but not necessarily limited to, using black iron pipe (BIP) ("safer alternative design"). BIP is manufactured from substantially thicker steel than CSST and is capable of withstanding significantly more electrical current from a lightning strike without arcing or perforating. The safer alternative design would prevent the electrical current from a lightning strike, whether direct

or indirect, from traveling on the surface of the thin walled CSST which, in turn, would prevent lightning from breaching the CSST and causing a fire. Defendant OMEGA FLEX had available to it sufficient information and knowledge needed in order to advise distributors and installers of the safer alternative design but has failed to timely incorporate any such safety device with its product.

20. Finally, Defendant OMEGA FLEX has developed and marketed a new design of its CSST product, with the trademarked name of Counter-Strike. Counter-Strike CSST incorporates layers of semi-conductive jacket material to counter the negative impact that lightning was having on its previous CSST product. The technology and science supporting the Counter-Strike product was available to Defendant OMEGA FLEX well before the date its yellow jacketed TracPipe CSST product was installed in the Property in question and the fire that occurred on May 9, 2015.

21. The safer alternative designs would have prevented or significantly reduced the risk to Michael and Holly Crockett of property damage from the TracPipe CSST product without substantially impairing the product's utility. Additionally, including one or both of the safer alternative designs with the CSST was economically and technologically feasible at the time the product left the control of Defendant OMEGA FLEX, based on the research and scientific knowledge possessed by Defendant OMEGA FLEX.

22. There was a defect in the marketing of the CSST product in question at the time it left the possession of Defendant Omega Flex that was a producing cause of the occurrence in question and damages set forth herein. Defendant OMEGA FLEX failed to give adequate warnings of the products dangers that were known or by the application of reasonably developed human skill and foresight should have been known or failure to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

23. Plaintiff alleges that the damages incurred by Michael and Holly Crockett were caused as a direct, proximate and producing result of the defective condition of the CSST product in question. Furthermore, Michael Crockett and Holly Crockett were unaware of any defects inherent in the CSST product in question or of any danger that could result from the use thereof at the time they made use of the CSST product in its intended manner. Therefore, Plaintiff invokes the doctrine of strict liability in tort.

## IV. DAMAGES

24. As a direct, proximate and producing result of Defendant OMEGA FLEX's wrongful conduct set forth herein, Plaintiff has been injured and damaged in one or more of the following ways:

   a. Damage to their real property, including without limitation, physical harm to real property;

   b. Damage to personal property;

   c. Economic losses;

   d. Loss of use and enjoyment of real property.

25. Pursuant to an insurance policy in effect for the date of loss, State Farm Fire and Casualty Company has compensated Michael and Holly Crockett for the covered damages they incurred as a result of the fire that occurred on or about May 9, 2015. State Farm has now brought this action against Defendant OMEGA FLEX, seeking to exercise its rights to contractual and equitable subrogation interests. Plaintiff hereby asserts its claim for damages as described above.

## V. JURY DEMAND

26. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff State Farm Fire and Casualty as Subrogee of Michael and Holly Crockett, requests that Defendant Omega Flex, Inc. be cited to appear and answer herein, as that after final trial, Plaintiff recover:

a.  A judgment against Defendant for compensatory damages as set forth above;

b.  A judgment against Defendant for all court costs and expenses incurred by Plaintiff;

c.  A judgment for its attorney's fees;

d.  A judgment for pre- and post-judgment interest as provided by law; and,

e.  An Award for such other just and legal relief whether prayed for herein or not and which the Court deems just and appropriate.

Respectfully submitted,

By: */s/ Craig M. Schumacher*

**Craig M. Schumacher**
Arkansas Bar No. 2015106
Texas Bar No. 00791622
*Cschumacher@cstriallaw.com*
**CARPENTER & SCHUMACHER, P.C.**
Parkway Centre IV
2701 North Dallas Parkway, Suite 570
Plano, Texas 75093
(972) 403-1133
Fax (972) 403-0311
*ATTORNEYS FOR PLAINTIFF*
*STATE FARM FIRE AND CASUALTY AS*
*SUBROGEE OF MICHAEL AND HOLLY*
*CROCKETT*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served, in accordance with the Federal Rules of Civil Procedure, upon the following counsel on the     1st     day of December, 2017:

James D. Robertson
Breana Ott Mackey
BARBER LAW FIRM PLLC
3400 Simmons Tower
425 West Capitol Avenue
Little Rock, AR 72201-3414
jrobertson@barberlawfirm.com

**And**

Erin W. Grewe
Campbell Campbell Edwards
& Conroy, P.C.
1205 Westlakes Drive, Ste. 330
Berwyn, PA 19312
egrewe@campbell-trial-lawyers.com
*Attorneys for Defendant*


                                                      */s/ Craig M. Schumacher*
                                                      CRAIG M. SCHUMACHER