IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STATE FARM FIRE AND CASUALTY,                                                                   PLAINTIFF
as Subrogee of Michael Crockett and Holly Crockett

v.                                            No. 4:16CV00387 JLH

OMEGA FLEX, INC.                                                                                DEFENDANT

## OPINION AND ORDER

State Farm Fire and Casualty has filed two motions to exclude expert testimony that the defendant, Omega Flex, Inc., intends to offer. The first motion seeks to exclude opinion testimony of Dr. Harri Kytomaa. The second motion seeks to exclude the testimony of Dr. Matthew Wagenhofer.

State Farm brings this action as subrogee of Michael and Holly Crockett, whose home suffered fire damage following a lightning strike on May 9, 2015. Omega Flex manufactured yellow-jacketed TracPipe brand Corrugated Stainless Steel Tubing, which was installed in the Crocketts' home. The complaint alleges that Omega Flex negligently designed, prepared, manufactured and sold the TracPipe, that the product was unreasonably dangerous, and that the defects in the product proximately caused the fire at the Crocketts' home.

The use of expert evidence in federal court is governed by Federal Rule of Evidence 702, as interpreted by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Rule 702, the Court must ensure that a proffered expert is qualified by his knowledge, skill, experience, training, or education before that person may testify as an expert. Besides examining a proffered expert's qualifications, the Supreme Court stated in *Daubert* that the trial judge also has a gatekeeping responsibility to ensure that expert evidence is both relevant and reliable before admitting it. *Daubert*, 509 U.S. at 589, 113 S. Ct. at 2795; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167, 1171, 143 L. Ed. 2d 238 (1999). Regarding relevancy, the Supreme Court stated that Rule 702 requires the proffered expert testimony to relate to an issue in the case and also to be sufficiently tied to the facts of the case, i.e., that the expert testimony has appropriate "fit." *Daubert*, 509 U.S. at 591, 113 S. Ct. at 2795-96; *see also Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 694 (8th Cir. 2001). As to reliability, the Supreme Court stated that the inquiry envisioned by Rule 702 is a "flexible one." *Daubert*, 509 U.S. at 594, 113 S. Ct. at 2797. The inquiry should focus on the principles and methodology the expert uses and not on the conclusions generated. *Id.* at 595, 113 S. Ct. at 2797. The *Daubert* Court gave four factors that should guide a district court's analysis: (1) whether the theory can be or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) in the case of a particular scientific technique, what the known or potential rate of error is and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory has received "general acceptance" in the relevant scientific community. *Id.* at 593-94, 113 S. Ct. at 2796-97. The Court noted that many factors will bear on the inquiry and that the four factors given above should not be taken as a "definitive checklist or test." *Id.* at 593, 113 S. Ct. at 2796; *Kumho Tire*, 526 U.S. at 141-42, 119 S. Ct. at 1171. In addition to the four factors explicitly listed by the Supreme Court in *Daubert*, courts after *Daubert* have noted additional relevant factors, including "whether the expertise was developed for litigation or naturally

flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case." *Lauzon*, 270 F.3d at 687 (citing cases).

The trial court's role is not to determine whether an expert's opinion is correct; it is an expert witness's methodology, rather than his conclusions, that is the primary concern of Rule 702. *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001). "'[E]ven if the judge believes there are better grounds for some alternative conclusion, and that there are some flaws in the scientist's methods, if there are good grounds for the expert's conclusion it should be admitted . . . .'" *Id.* (quoting *Heller v. Shaw Indus.*, 167 F.3d 146, 152-53 (3d Cir. 1999)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596, 113 S. Ct. at 2798. "Rule 702 favors admissibility if the testimony will assist the trier of fact, and doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998) (citation and quotation omitted). "Only if an expert's opinion is 'so fundamentally unsupported that it can offer no assistance to the jury' must such testimony be excluded." *Hose v. Chicago Nw. Transp. Co.*, 70 F.3d 968, 974 (8th Cir. 1995) (quoting *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988)).

Dr. Kytomaa's proposed testimony meets the requirements of Rule 702 as interpreted by the Supreme Court in *Daubert*. It is based upon sufficient facts, it is the product of reliable principles and methods, and Dr. Kytomaa has applied the principles and methods reliably to the facts of this case. It appears that he has used scientific principles that have been subjected to peer review and publication, as indicated by the citations to peer-reviewed publications in his report. Furthermore,

3

it appears that he has used scientific principles that are generally accepted in the relevant scientific community. Although State Farm criticizes Dr. Kytomaa on several points, that criticism should appropriately be developed on cross-examination and submitted to the jury for its consideration in determining the credibility of Dr. Kytomaa's testimony.

The proposed testimony of Dr. Wagenhofer is different. Dr. Wagenhofer proposes to testify regarding two specific instances in which black iron pipe reportedly failed. Neither of those instances involved a lightning strike. State Farm argues that Dr. Wagenhofer's testimony is irrelevant and based purely on speculation. Omega Flex argues that Dr. Wagenhofer's testimony is relevant, pointing to arguments by State Farm that black iron pipe is a safe alternative to Omega Flex's TracPipe and contending that Dr. Wagenhofer's testimony is relevant to rebut that argument.

After careful consideration, the Court will postpone ruling on the admissibility of Dr. Wagenhofer's testimony until State Farm has concluded its case-in-chief at trial. After hearing all of the evidence, the Court will be in a better position to judge whether that testimony is relevant under Rule 401. If the testimony is relevant, at that time the Court can better judge whether its probative value is substantially outweighed by the danger of confusing the issues, misleading the jury, undue delay, and wasting time. *See* Fed. R. Evid. 403. One of the concerns is whether Dr. Wagenhofer's proposed testimony may result in mini-trials over the cause of two incidents that may be only remotely relevant to the issues of this case. The Court can assess these concerns better at trial than now.

The motion to exclude the testimony of Dr. Kytomaa is DENIED. Document #42. This is a definitive ruling.

The motion to exclude the testimony of Dr. Wagenhofer is also DENIED. Document #43. This is not a definitive ruling. The Court will reconsider the issue after State Farm concludes its case-in-chief at trial.

IT IS SO ORDERED this 12th day of December, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE